NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEW JERSEY REGIONAL COUNCIL
OF CARPENTERS, NEW JERSEY
CARPENTERS FUNDS and the
TRUSTEES THEREOF,

    Petitioners,

v.      Civil Action No. 13-5613 (JAP)

CHANREE CONSTRUCTION CO., INC.      **OPINION**

    Respondent.

    This is an action brought by Petitioners, New Jersey Regional Council of Carpenters, New Jersey Carpenters Funds, and the Trustees thereof (collectively, the "Petitioners" or "the Funds") against Chanree Construction Co., Inc. ("Chanree" or "Respondent"). The Petitioners have filed a Motion to Confirm Arbitration Award and Entry of Judgment [ECF No. 2]. Chanree opposes this motion [ECF No. 4]. The Court decides these matters without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court will grant both motions for summary judgment.

    **I.**     **Background**

    Chanree is a signatory to a Collective Bargaining Agreement ("CBA") between Chanree and the New Jersey State Council of Carpenters, of which the Funds are a third party beneficiary. The CBA sets the rate at which fringe benefits must be paid by signatory employers, like Chanree, and mandates that fringe benefits are to "be paid weekly by check to the Ship Steward

on the job and delivered to him with the necessary fringe benefits submission forms fully completed." Pet. Confirm Arbitration Award Ex. A at Art. XXIV, ¶ 5.  The signature page executed by Chanree expressly notes that the fringe benefits are to be paid weekly.  *Id.* at Ex. B.

Chanree, however, became delinquent in "remitting fringe benefit contributions to the Funs in a total amount of $145,926.000…for the period of June 1, 2012 through October 31, 2012."  *Id.* at Ex. D.  On December 27, 2012, the Funds entered into a Consent Arbitration Award ("CAA") with Chanree, which was signed by duly appointed representatives and executed by Arbitrator J.J. Pierson, Esq.  Under the CAA, Chanree was to make monthly payments as indicated on a payment schedule attached to the CAA and stay current on its fringe benefit contributions. Specifically, the installment plan called for the delinquency amount to be paid in monthly installments of $12,160.50, due on the 15th of each month.  These payments commenced on January 15, 2013, and were to conclude with the payment on January 15, 2014.  *See id.* at Ex. D.

The CAA provides that in the event that Chanree fails to make any payment, either for current fringe benefit contributions or the installment plan payments under the CAA, "such failure shall be deemed a violation of this Award and Order and the [Respondent] shall be in default."  *Id.* at Ex. D ¶ 5.  If default occurs

> the Funds shall provide written notice to the [Respondent] and a ten (10) day opportunity to cure.  If the [Respondent] does not timely cure a Default within [ten] (10) days of written notice, the Funds shall be entitled to submits this [CAA] to the United States District Court for the District of New Jersey for confirmation of entry of same and entry of Judgment in favor of Funds and against the [Respondent] in the amount due under this [CAA]. . . .

*Id.*

On February 27, 2013, the Funds noticed Chanree, by letter to its counsel Mr. Jonathan Landesman, Esq., that Chanree had defaulted on the CAA by accruing fringe benefit

2

delinquencies in November 2012, December 2012, and January 2013.  The Funds filed a Petition to confirm the Consent Award on March 22, 2013.  *See New Jersey Regional Council of Carpenters, et al. v. Chanree Construction Co., Inc.*, Civil Action No. 13-1827, ECF No. 1.  The parties eventually resolved the dispute, and the Funds voluntarily dismissed their Petition on April 26, 2013.  *See* Civil Action No. 13-1827, ECF Nos. 7, 8.

Thereafter, on June 1, 2013, the Funds contacted their counsel, Mr. Bradley M. Parsons, Esq., and advised that Chanree had again accrued current fringe benefit delinquencies.  On July 17, 2013, Mr. Parsons noticed Mr. Landesman of its default by letter to its counsel.  *See* Certification of Bradley M. Parsons ("Parsons Cert."), dated October 15, 2013, Ex. C.  Both Chanree's counsel and the Funds' counsel have represented their respective client with respect to fringe benefit delinquency matters since the CAA was signed.  In that capacity, Mr. Parsons and Mr. Landesman have corresponded on an ongoing basis regarding benefit collections.  Specifically, they have exchanged 51 emails relating to the arbitration and litigation concerning Chanree's fringe benefit delinquencies since January 3, 2013.  *See* Parsons Cert. ¶ 4.  For example, on July 11, 203, just six days before Mr. Parsons noticed Mr. Landesman about its default, Mr. Parsons noticed Mr. Landesman that an arbitration to consider the Funds' audit findings with respect to Chanree's fringe benefits payments had been adjourned to July 25, 2013.  *See id.* at Ex. E.

After Chanree failed to cure its default, the Funds filed this current action on September 20, 2013.  Chanree has opposed the Funds' petition, on two bases.  First, Chanree asserts that the CAA contains a "specific procedure governing Default, Notice and Cure which requires that Notice be provided to 'the Employer'—i.e., Respondent, Chanree."  They argue that the Petition "does not allege that notice of default was given consistent with and as required by the [CAA],"

and, accordingly, the petition is facially deficient. *See* Opp. Br. at 1-2. Next, Chanree argues that the Funds have wrongly claimed that Chanree only made four payments under the CAA, when it actually made six payments. *See* Supp'l Opp. Br. at 1-2. After reviewing their records, the Funds eventually confirmed that Chanree has made six installment payments, not the four payments that they had initially indicated on their petition. *See* Certification of Steve Schaefer ("Schaefer Cert.") ¶ 4. Therefore, the only remaining issue for this Court to determine is if the Funds' notice of default to Chanree was effective.

## II.  Discussion

Review of an arbitration award is extremely limited and conducted under a highly deferential standard. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987). "Our role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator." *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2002). There is a strong presumption in favor of enforcing arbitration awards, which can be overcome in only extremely narrow circumstances. *Brentwood Med. Assocs. v. UMW*, 396 F.3d 237 (3d Cir. 2005); *see also Handley v. Chase Bank*, 387 F. App'x 166, 168 (3d Cir. 2010) ("The party seeking to overturn an award bears a heavy burden, as these are 'exceedingly narrow circumstances,' and courts accord arbitration decisions exceptional deference.") (citing *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003)). Specifically, under the Federal Arbitration Act, there are four exclusive grounds upon which arbitration awards can be vacated. *See* 9 U.S.C. § 10(a).[1]

---

[1]  9 U.S.C. § 10(a) reads in full:
    In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration:

        (1) where the award was procured by corruption, fraud, or undue means;
        (2) where there was evident partiality or corruption in the arbitrators, or either of them;

Here, Chanree does not argue that the arbitration award should be vacated for any of the ground permitted under the FAA. Rather, it contends that judgment should not be entered because the Funds' notice of default was defective. As an initial matter, it is unclear whether a failure to provide notice of default under consent arbitration award is sufficient to prevent an arbitration award from being entered. Chanree has cited no cases that allow this Court to draw a conclusion that the arbitration award should not be confirmed based on the alleged failure to notice default.[2] If anything, Chanree may have a breach of contract claim based upon the alleged failure of the Funds to provide sufficient notice under the CAA. The CAA itself does not give the Court the power to confirm an arbitration award; rather, it is an agreement between Chanree and the Funds that works to prevent the Funds from seeking a judgment unless certain conditions have been met first. If the Funds were to seek judgment without meeting these conditions, it does not automatically follow that the Court is unable to enter judgment. In other words, the Court is under no constraints to not enforce judgment because of an agreement between the Funds and Chanree.

It is clear, however, that even if the alleged defective notice of default was grounds not to confirm the arbitration award, the Funds had provided sufficient notice to Chanree. Chanree asserts that notice was defective because the Funds served notice of Chanree's default to its counsel, Mr. Landesman. This argument fails. Chanree is correct that the July 11, 2013 notice is

---

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

[2] While some court have found that an arbitration award cannot be enforced where the evidence does not establish that the parties received proper notice, these cases are in the context of receiving notice for the arbitration hearing itself, because "it is axiomatic that all parties to an arbitration hearing must be given an opportunity to be heard, which implies the right to receive notice of the hearing." *See Amalgamated Cotton Garment & Allied Industries Fund v. J.B.C. Co. of Madera, Inc.*, 608 F. Supp. 158, 164-65 (W.D. Pa. 1984) (citing *Ryan-Walsh Stevedoring Co. v. General Longshore Workers Union, Local No. 3000*, 509 F. Supp. 463, 467 (E.D. La. 1981); *Wright-Bernet, Inc. v. Amalgamated Local Union No. 41*, 501 F. Supp. 72, 74 (S.D.Ohio 1980)).

not addressed to Chanree, but that hardly means that notice to Mr. Landesman was insufficient to provide notice to Chanree.  The record shows that the parties have intended that notice on Mr. Landesman would serve as notice on Chanree.  For example, the Funds had previously noticed Mr. Landesman as to Chanree's prior default of this same CAA before they filed their petition in *New Jersey Regional Council of Carpenters, et al. v. Chanree Construction Co., Inc.*, Civil Action No. 13-1827.  Counsel for the Funds has also noticed Mr. Landesman regarding arbitration to consider certain audit findings with regards to Chanree's benefit payments, and has otherwise engaged in almost constant communication with Mr. Landesman relating to Chanree's fringe benefit delinquencies.  *See, e.g.*, *Aidan v. Becker*, Civil Action No. 11-3462, 2012 U.S. Dist. LEXIS 12802, at *7-8 (D.N.J. Feb. 2, 2012).

Even aside from the intentions of the parties, the Court could also impute notice on Mr. Landesman to Chanree as a matter of law because notice to counsel is imputed to a client with regards to matters in which the lawyer represents the client.  It is "beyond cavil that the attorney-client relationship is an agent principal relationship."  *McCarthy v. Recordex Serv.*, 80 F.3d 842, 853 (3d Cir. 1996).  "Where an agent receives notice, that notice is imputed to the principal."  *Buchanan v. Reliance Ins. Co. (In re Color Tile, Inc.)*, 475 F.3d 508, 513 (3d Cir. 2007).  The knowledge that is imputed to the principal is actual knowledge, not constructive.  *See id.* (citing *Martin Marietta Corp. v. Gould, Inc.,* 70 F.3d 768, 773 n.4 (4th Cir. 1995)).  The knowledge of an agent is imputed to a principal only with regards to "any transaction conducted by the agent in behalf of its principal."  *Higgins v. Shenango Pottery Co.*, 256 F.2d 504, 509 (3d Cir. Pa. 1958).  Therefore, "the rule of imputation applies only to 'matters in which the lawyer represents the client.'"  *Sweeten v. Middle Twp.*, Civil Action No. 04-3512, 2007 U.S. Dist. LEXIS 92186, at *29-30 (D.N.J. Dec. 14, 2007) (quoting Restatement (Third) Governing Lawyers § 28(1)).  Here,

Mr. Landesman represented Chanree with regard to its fringe benefit delinquency to the Funds. When the Funds served notice of Chanree's default to Mr. Landesman, actual knowledge was imputed to Chanree. Consequently, the Funds' notice of default was effective.

### III.   Conclusion

For reasons stated above, this Court finds Chanree's objection to the Funds' Motion to Confirm Arbitration Award and Entry of Judgment to be meritless. Therefore, the Court will enter the proposed order and judgment submitted by the Funds.

/s/ Joel A. Pisano<br>JOEL A. PISANO, U.S.D.J.

Dated: March 12, 2014